UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **PRESTON ASEVEDO** | * | **JURY DEMAND** |
| | * | |
| **Plaintiff,** | * | **CIVIL ACTION NO.: ____** |
| | * | |
| **Versus** | * | **JUDGE: _____** |
| | * | |
| **NBCUNIVERSAL MEDIA, LLC,** | * | |
| **SYFY MEDIA PRODUCTIONS, LLC,** | * | |
| **PARKER BROTHERS CONCEPTS,** | * | **MAGISTRATE: _____** |
| **LLC, PARKER BROTHERS** | * | |
| **CHOPPERS, INC., PARKER** | * | |
| **BROTHERS ENTERPRISES, LLC,** | * | |
| **SHANON PARKER, AND** | * | |
| **MARC PARKER** | * | |
| | * | |
| **Defendants.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

     **NOW INTO COURT,** through undersigned counsel, comes Preston Asevedo ("Asevedo" or "Plaintiff"), who files this Complaint for Damages and Injunctive Relief and alleges as follows:

**INTRODUCTION**

     1.    This action arises out of willful copyright infringement by defendants Parker Brothers Concepts, LLC, Parker Brothers Choppers, Inc., Parker Brothers Enterprises, LLC, Syfy Media Productions, LLC and NBCUniversal Media, LLC of artwork created and owned by plaintiff, Preston Asevedo.  Asevedo seeks preliminary and permanent injunctive relief, damages and attorneys' fees for injuries that have been and will continue to be caused by such use in

violation of the Copyright Act (17 U.S.C. §101 *et seq.*), for unfair competition under Louisiana law and for violation of the Louisiana Unfair Trade Practices and Consumer Protection Law (La. R.S. 15:1401 *et seq.*).

## JURISDICTION AND VENUE

2.      This action arises under the Copyright Act (17 U.S.C. §101 *et seq.*), and this Court has jurisdiction pursuant to 28 U.S.C. §1331 (federal question) and 28 U.S.C. §1338(a) (original and exclusive jurisdiction over copyright actions).   This Court also has jurisdiction under 28 U.S.C. §1332, because there is complete diversity between the parties and because the amount in controversy exceeds $75,000.   Further, this Court has supplemental jurisdiction under 28 USC §1367 over state-law claims; under the Louisiana Unfair Trade Practices Act (LUTPA), La. R.S. 51:1405, *et seq.*; under Louisiana Civil Code Article 2315; which arise from the same transactions or occurrences and implicate the same questions of fact and related questions of law.

3.      Venue is proper in the Eastern District of Louisiana under 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PLAINTIFF

4.      Plaintiff Preston Asevedo is a Louisiana citizen of full age of majority residing in St. Tammany Parish, Louisiana.

## DEFENDANTS

5.      Parker Brothers Concepts, Inc. ("Parker Brothers Concepts"), on information and belief, is a Florida corporation having its principal place of business in Melbourne, FL.

6.      Parker Brothers Choppers, Inc. ("Parker Brothers Choppers"), on information and belief, is a Florida corporation having its principal place of business in Melbourne, FL.

7.     Parker Brothers Enterprises, LLC ("Parker Brothers Enterprises", and together with Parker Brothers Concepts and Parker Brother Choppers, the "Parker Brothers Defendants"), on information and belief, is a Florida limited liability company having its principal place of business in Melbourne, FL.  On information and belief, each of its members are Florida citizens.

8.     Upon information and belief, Shanon Parker is an individual residing in Florida who is an owner or officer of the Parker Brothers Defendants and/or an animating force behind the infringements complained of herein.

9.     Marc Parker is an individual residing in Florida who is an owner or officer of the Parker Brothers Defendants and/or an animating force behind the infringements complained of herein.

10.    Syfy Media Productions, LLC ("Syfy"), on information and belief, is a Delaware limited liability company with its principal place of business in New York.  On information and belief, each of its members are citizens of states other than Louisiana.

11.    NBCUniversal Media, LLC ("NBCUniversal"), on information and belief, is a Delaware limited liability company with its principal place of business in New York.  On information and belief, each of its members are citizens of states other than Louisiana.

**RELEVANT BACKGROUND**

12.    Plaintiff, Preston Asevedo, is a professional artist and illustrator.    In 2005, Plaintiff conceived and created a two-dimensional artwork entitled "Comedy Tragedy Skulls", a copy of which is depicted below (the "Artwork").

*Plaintiff's Original Artwork*



13.     Plaintiff's Artwork is wholly original and constitutes copyrightable subject matter.  All rights, title and interest in the Artwork are owned by Plaintiff.

14.     Plaintiff owns and holds United States Copyright Registration No. VA 1-819-216 for the Artwork issued by the United States Copyright Office.  (See Exhibit A.)

**Defendants' Infringing Activities**

15.     The Parker Brothers Defendants own and operate a high-end auto body shop for the purposes of creating custom and/or concept vehicles for use by, *inter alia*, wealthy clients (including sports, music, and/or film celebrities) and/or for film production and promotional purposes.

16.     Recently, the Parker Brothers Defendants became the subject of a realty television show airing on NBCUniversal's Syfy network called *Dream Machines*.

17.     The *Dream Machines* television show, which primarily stars defendants Shanon and Marc Parker, documents the brothers' efforts at manufacturing custom and/or concept

vehicles.  The first season of *Dream Machines* features a "jet car" built for recording artist 50 Cent, a "Mars Rover" built for AutoTrader web site, a custom car called the "Incinerator" for actor and professional wrestler John Cena, and a concept vehicle made to look like alien technology for the red carpet premiere of Universal Pictures' 2012 movie, "Battleship."

18.    Plaintiff has recently learned that Defendants have prominently and blatantly copied and published Plaintiff's Artwork on the *Dream Machines* television show without permission.

19.    The following represents Plaintiff's copyrighted design, as well as Parker Brothers' Defendants' infringing use of same as it appears on defendants' outdoor sign:

*Plaintiff's Original Artwork*          *Defendants' Infringing Use*



*"Dream Machines" Screenshot Evidencing Full Sign*



20.   Moreover, the NBCUniversal / Syfy production of *Dream Machines* is replete with instances of similar infringements.  By way of example, the stars of the *Dream Machines* show typically wear t-shirts depicting Plaintiff's Artwork (Exhibit B,  screenshot of defendants Marc and Shanon Parker; Exhibit C, screenshot of Parker Brothers Defendants' employees), the infringing work is used on or in connection with the finished vehicles (Exhibit D, photograph of the interior of 50 Cent's "jet car"), and a colossal reproduction of Plaintiff's Artwork is often shown on the roof of Parker Brothers Defendants' shop (Exhibit E, screenshots of roof).  In fact, the infringing use of Plaintiff's Artwork on the television show is so pervasive that is it rare for 30 seconds to pass on the 40+ minute show without the infringing work appearing in one form or another.

21.   Defendants have also used Plaintiff's Artwork on the following interactive websites accessible to Louisiana residents:    http://www.parkerbrothersconcepts.com  and

6

http://www.syfy.com/dreammachines.

22.    Furthermore, NBCUniversal and Syfy host and publish full episodes of the *Dream Machines* television show evidencing numerous instances of the infringements at the following website:  http://www.syfy.com/videos/Dream%20Machines/.

23.    It is readily apparent that the Parker Brothers Defendants' have built their entire brand around Plaintiff's Artwork.  Defendants have been marketing and selling products containing Plaintiff's copyrighted design, including T-shirts, hats, and key chains, at the following website:  http://shop.parkerbrothersconcepts.com/shop.html (Exhibit F, images from Parker Brothers Defendants' online store).

24.    After Plaintiff became aware of Defendants' infringing activities, he contacted the Parker Brothers Defendants concerning same in April 2012.  In response, defendant Shanon Parker stated as follows:

> **"We used a variation of a skull logo that we understand was originally drawn by you for our logo.  We wanted to speak with you about using your name in co[n]junction with the artwork as we could never find out who the artist was until now.  We would have come to you first if we had known.  Please contact me at your convenience to discuss this as we are preparing to sell t-shirts with our design and would like to compensate you for your work as well as credit you on it."**

(See Exhibit G.)

25.    Despite the fact that the parties failed to come to an agreement concerning the use of Plaintiff's Artwork, the Parker Brothers Defendants decided to proceed with their plans of selling products bearing Plaintiff's original design.  Such use has continued unabated to this day.

26.    Defendants' above-described copying and selling of Plaintiff's copyrighted artwork has been willful and intentional.

27.     The products sold by the Parker Brothers Defendants wholly encompass and directly copy Plaintiff's Artwork.  It is immediately obvious from these representations that the Parker Brother Defendants copied Plaintiff's design.  Furthermore, in the April 11, 2012 e-mail, the Parker Brothers Defendants and defendant Shanon Parker admitted to taking Plaintiff's artwork without compensation or credit.

28.     Defendants Syfy and NBCUniversal are the producers and distributors of the Parker Brothers' television show.

29.     Together with the Parker Brothers Defendants, Syfy and NBCUniversal reproduce, distribute, and publicly perform and display the Parker Brothers Defendants' infringing products and works on television and on their websites.

30.     Each of the Defendants knew, or should have known, that they did not have permission to copy Plaintiff's Artwork.

## Copyright Infringement

31.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1-30 above as if fully set forth in this paragraph.

32.     Plaintiff owns all right and title to the copyright interests in the Artwork.  Plaintiff holds a copyright registration issued by the United States Copyright Office.

33.     Defendants have willfully and intentionally infringed Plaintiff's copyright interests in the Artwork by copying, marketing and selling products containing an identical design.

34.     Defendants' copyright infringement has damaged Plaintiff in a sum not presently known but believed to be significant.

35.     Plaintiff is entitled to preliminary and permanent injunctive relief, damages, attorneys' fees and the destruction of Defendants' infringing products, and all video and web sites containing representations of Plaintiff's Artwork.

## Unfair Competition

36.      Plaintiff repeats and realleges the allegations set forth in paragraphs 1- 35 above as if fully set forth in this paragraph.

37.     Defendants' conduct constitutes unfair competition in violation of Louisiana law, including under the Louisiana Unfair Trade Practices and Consumer Protection Law, La. R.S. 51:1401 et seq.

38.     Defendants' unfair competition has damaged Plaintiff in a sum not presently known but believed to be significant.

39.     Plaintiff is entitled to preliminary and permanent injunctive relief, damages, attorneys' fees and the destruction of Defendants' infringing products, and all video and web sites containing representations of Plaintiff's Artwork.

## Louisiana Civil Code Article 2315 Damages Claim.

40.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1- 39 above as if fully set forth in this paragraph.

41.     Defendants are liable for damages under Louisiana Civil Code Article 2315 for damages caused by the above-described wrongful acts, including fraudulent assertions of trademark rights, as set forth in detail above.

## Unjust Enrichment

42.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1- 41 above as if fully set forth in this paragraph.

43.     Defendants have been unjustly enriched through the complained- above-described wrongful acts, including fraudulent assertions of trademark rights, as set forth in detail above. Defendants are therefore liable for damages for unjust enrichment.

### Jury Demand

44.     Plaintiff demands trial by jury of all issues so triable.

**WHEREFORE,** Plaintiff, Preston Asevedo, prays as follows:

1.     A judgment against Defendants, and each of their respective affiliates, agents, servants, employees, representatives and all other persons, firms or corporations in active concert or participation with them, preliminarily and permanently enjoining and restraining them from using, copying or otherwise infringing Plaintiff's Artwork;

2.     Ordering the seizure and destruction of any infringing materials;

3.     Requiring Defendants to account for any pay to Plaintiff, all gains, profits, and advantages derived from Defendants' wrongful acts, or such alternative measure or measures of damages, including statutory damages, as may be appropriate.

4.     In view of Defendants' willful conduct, treble or exemplary damages.

5.     An award of attorneys' fees, interest and costs.

6.     Any other relief to which Plaintiff may be entitled.

Respectfully submitted,

*/s/ Brad E. Harrigan*
**Brad E. Harrigan, La. Bar # 29592**
**Anne E. Briard, La. Bar # 29102**
**LUGENBUHL, WHEATON, PECK,**
**RANKIN & HUBBARD**
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Telephone:   (504) 568-1990
Facsimile:   (504) 310-9195
**Attorneys for Plaintiff, Preston Asevedo**

10

**CERTIFICATE OF SERVICE**

I hereby certify that on August 3, 2012, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

*/s/ Brad E. Harrigan*
Brad E. Harrigan