UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PRESTON ASEVEDO, | CIVIL ACTION |
| Plaintiff, | NO. 2:12-CV-02005 |
| VERSUS | SECTION "H" |
| NBCUNIVERSAL MEDIA, LLC, ET AL. | JUDGE MILAZZO |
| Defendants. | MAGISTRATE KNOWLES |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR
LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE**

In accordance with Rules 12(b)(2) and 12(b)(3), the Court should dismiss NBCUniversal Media, LLC ("NBCUniversal") and Syfy Media Productions, LLC ("Syfy") from this action. Neither NBCUniversal nor Syfy has "minimum contacts" with Louisiana sufficient for this Court to exercise personal jurisdiction over them. General jurisdiction is not appropriate because NBCUniversal and Syfy do not maintain systematic and continuous contacts with Louisiana. Specific jurisdiction is also unavailable because NBCUniversal and Syfy are not alleged to have directed any conduct to Louisiana. Rather, NBCUniversal and Syfy are alleged to have broadcast or displayed images containing Mr. Asevedo's copyrighted artwork on the Syfy cable network and through the Syfy website. Courts have consistently held that a national television broadcast alone does not render the broadcaster subject to personal jurisdiction in any jurisdiction with viewers. Rather, there must be purposeful contacts with the forum. Mr. Asevedo has not alleged that NBCUniversal and Syfy engaged in any activity in Louisiana or

that they were even aware of the alleged copyright infringement.  Therefore, on the basis of Mr. Asevedo's own allegations, the Court should hold that personal jurisdiction does not exist.

Alternatively, if the Court denies the motion to dismiss for lack of personal jurisdiction, the Court should dismiss NBCUniversal and Syfy from this proceeding pursuant to Rule 12(b)(3) because it was brought in the improper venue under the Copyright Act, 28 U.S.C. § 1400(a).

## I.     The Allegations of the Complaint

Plaintiff Preston Asevedo has brought a copyright infringement action against NBCUniversal, Syfy, and five other defendants who are referred to collectively as the "Parker Brothers defendants."  As alleged in the complaint, the Parker Brothers defendants own and operate a high-end body shop in Melbourne, Florida, and design and create custom and concept vehicles.  (Compl. ¶¶ 5-6, 15.)  The shop is the subject of the reality television series *Dream Machines* that aired on the Syfy network, which is owned by NBCUniversal.  (*Id.* at ¶ 16.)  Mr. Asevedo alleges that the Parker Brothers defendants have infringed on his copyrighted design by displaying the design on outdoor signage at their Florida shop, wearing t-shirts bearing the artwork while filming the show, and by incorporating the design into finished vehicles.  (*Id.* at ¶¶ 19-20.)  Mr. Asevedo describes Shanon Parker and Marc Parker, the principals of the Parker Brothers defendants, as "the animating force[s] behind the infringements complained of herein." (*Id.* at ¶¶ 8-9.)  Asevedo also alleges that the Parker Brothers defendants sell merchandise on the internet containing his design without permission.  (*Id.* at ¶ 23).

As for NBCUniversal and Syfy, Mr. Asevedo alleges that they infringed his copyrighted artwork by producing and airing *Dream Machines* on the Syfy network, which contained images of the logo that incorporated his design; by displaying the logo on Syfy's *Dream Machines* website; and by making episodes of *Dream Machines* available to the public

via the Syfy website. (*Id.* at ¶ 17, 21-22, 29.) He alleges, "Syfy and NBCUniversal reproduce, distribute, and publicly perform and display the Parker Brothers Defendants' infringing products and works on television and on their website." (*Id.* at ¶29.) Notably, Mr. Asevedo does not allege that NBCUniversal or Syfy had any direct contact with him, or indeed any contacts with Louisiana at all. Nor does Mr. Asevedo allege that Syfy or NBCUniversal themselves sold any merchandise containing the allegedly infringing design. (*See, e.g.,* ¶ 27 ("The products sold *by the Parker Brothers Defendants* wholly encompass and directly copy Plaintiff's Artwork" (emphasis added).)

## II. Law and Argument

### A. The Court Does Not Have Personal Jurisdiction over NBCUniversal or Syfy.

Under Rule 4(k), this Court may exercise personal jurisdiction over a nonresident defendant to the same extent as a Louisiana state court. Louisiana's "long-arm statute" provides that Louisiana courts may exercise personal jurisdiction over a nonresident defendant to maximum extent permitted by the limits of due process under the U.S. Constitution. La. R.S. 13:3201(B); *Choice Healthcare, Inc. v. Kaiser Found. Health Plan of Colo.*, 615 F.3d 364, 365 (5th Cir. 2010). The due process inquiry protects the defendant's liberty interest in not being subjected to binding judgments in a jurisdiction where the defendant has no meaningful "contacts, ties, or relations." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985). Due process is satisfied if the defendant has "certain minimum contacts with [the forum] such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *E.g.*, *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). "A defendant has the minimum contacts required by due process where his purposeful activities directed at the forum state have invoked the benefits of that state's laws, so that he reasonably could anticipate being hauled into court there." *Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993).

The "minimum contacts" necessary to support the exercise of personal jurisdiction may be based on either specific jurisdiction or general jurisdiction. *E.g., Clemens v. McNamee,* 615 F.3d 374, 378 (5th Cir. 2010). A court may exercise general jurisdiction if the defendant's contacts with the forum state, though unrelated to the plaintiff's cause of action, are "continuous and systematic." *Ridell v. Lidov*, 317 F.3d 467, 470 (5th Cir. 2002). Specific jurisdiction is appropriate where the defendant's contacts with the forum state arise from, or are directly related to, the cause of action. *Id.* When a nonresident defendant asserts a lack of personal jurisdiction, the burden is on the plaintiff to make a prima facie showing that the defendant has established the necessary minimum contacts with Louisiana. *Clemens,* 615 F.3d at 378 (5th Cir. 2010).

**1.    NBCUniversal and Syfy Are Not Subject to General Personal Jurisdiction in Louisiana.**

For a state to exercise general jurisdiction over a nonresident, the contacts with the forum must be so "continuous and systematic" that the assertion of jurisdiction satisfies due process. *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 416 (1984). The Fifth Circuit has noted "how difficult it is to establish general jurisdiction." *Johnston v. Multidata Systems Int'l Corp.*, 523 F.3d 602, 610 (5th Cir. 2008). The defendant's contacts with the forum state must be "so continuous and systematic as to render them essentially at home in the forum State." *Goodyear Dunlop Tire Operations, S.A. v. Brown,* 131 S. Ct. 2846, 2851 (2011). For general jurisdiction, the defendant must have a business presence in the forum state; it is not enough that the defendants have done business with that state's residents. *Johnston*, 523 F.3d at 611. Further, even if the plaintiff can establish that a defendant has continuous and systematic contacts, the defendant can defeat jurisdiction by presenting a compelling case that traditional notions of fair play and substantial justice would be violated by the exercise of jurisdiction. *Id.* at 615.

Mr. Asevedo has alleged no facts to suggest that NBCUniversal and Syfy have continuous and systematic contacts with Louisiana such that general jurisdiction is warranted. He has asserted no facts to suggest that NBCUniversal or Syfy have business operations in Louisiana at all. Indeed, Plaintiff alleges in his Complaint that NBCUniversal and Syfy are Delaware limited liability companies with New York as their principal places of business. He does not point to any conduct by NBCUniversal or Syfy within Louisiana.

Syfy's broadcast of *Dream Machines* to a national audience via the Syfy television network and website is not sufficient for general jurisdiction to arise in Louisiana. Courts have consistently held that that, standing alone, the national broadcast or distribution of an allegedly infringing work is not sufficient for general jurisdiction. *See Ham v. La Cienega Music Co.*, 4 F.3d 413, 416 (5th Cir. 1993) (defendant's distribution and sales of a song in Texas through major record label did not give rise to general jurisdiction in Texas over the defendant for declaratory judgment action relating to copyright); *Annie Oakley Enters., Inc. v. Sunset Tan Corporate & Consulting, LLC*, 703 F. Supp. 2d 881 (N.D. Ind. 2010) (in trademark infringement case, alleged marketing of infringing product on national cable broadcast did not give rise to general jurisdiction in Indiana). Nor does maintenance of a website give rise to general jurisdiction in every state where it is publicly available. *Revell v. Lidov,* 317 F.3d 467 (5th Cir. 2002) (holding that "the maintenance of a website is, in a sense, a continuous presence everywhere in the world" instead of a particular location and that a university's maintenance of a website "bulletin board" available in Texas did not give rise to general jurisdiction over the university in Texas).

1105132v4

Mr. Asevedo has pled no facts to suggest that NBCUniversal and Syfy would be "essentially at home" in Louisiana. There is no basis for the Court to exercise general jurisdiction.

**2. There Is No Basis for the Exercise of Specific Jurisdiction in Louisiana Over NBCUniversal or Syfy.**

The Fifth Circuit has stated, "A court may exercise specific jurisdiction when: (1) the nonresident defendant purposefully avails itself of the privileges of conducting activities in the forum state; and (2) the controversy arises out of or its related to the defendant's contacts with the forum state." *Choice Healthcare, Inc. v. Kaiser Found. Health Plan of Colo.*, 615 F.3d 364, 369 (5th Cir. 2010). This crucial "purposeful availment" requirement ensures that a defendant will not be haled into a jurisdiction on the basis of contacts that are "random, fortuitous, or attenuated." *Id.* (citing *Burger King*, 471 U.S. at 475). The plaintiff must also demonstrate that the exercise of specific jurisdiction is fair and reasonable. *McFadin v. Gerber,* 587 F.3d 753, 759 (5th Cir 2009). The minimum contacts analysis is "fact intensive" and no one element is decisive. *Id.*

      a.   NBCUniversal and Syfy Did Not Purposefully Avail Themselves of the Privilege of Conducting Activity in Louisiana.

Mr. Asevedo cannot satisfy the first prong of this inquiry because he has not alleged any facts to show that NBCUniversal or Syfy purposefully availed themselves of the privilege of conducting activity in Louisiana. Mr. Asevedo does not allege that NBCUniversal or Syfy conducted *any* activity in Louisiana, much less that Mr. Asevedo's cause of action arises out of or results from any intentional or purposeful contact by NBCUniversal or Syfy with Louisiana. Indeed, the complaint suggests the opposite: that any alleged infringement by

- 6 -

1105132v4

NBCUniversal and Syfy was unwitting and that the Parker Brothers defendants — not NBCUniversal or Syfy — "were the animating force behind the infringements complained of."

      b.  Television Broadcasts of *Dream Machines* to a National Audience Are Not Sufficient for Louisiana Jurisdiction.

An allegation that NBCUniversal or Syfy broadcasted or displayed Mr. Asevedo's design is by itself not enough to prove purposeful availment in Louisiana. Courts have held that broadcasts do not give rise to specific jurisdiction if the broadcast is not targeted to a specific locale. For example, in *Annie Oakley Enterprises, Inc. v. Sunset Tan Corporate & Consulting, LLC,* the holder of a trademark for "Sunset" tanning products alleged that the defendant diluted the trademark by, among other things, participating in the production of the E! television show *Sunset Tan,* which featured the defendants' salons. 703 F. Supp. 2d 881. The Indiana federal court held that the television broadcast was not sufficient for the exercise of personal jurisdiction when there was no showing that the defendants had targeted Indiana during the broadcast. Similarly, in *Publications International, Ltd. v. Simon & Schuster, Inc.*, the publisher of an unlicensed book regarding *Twin Peaks* sought a declaratory judgment against Twin Peaks Productions that its book did not infringe copyright or trademark. 763 F. Supp. 309 (N.D. Ill. 1991). The court held that personal jurisdiction did not exist over the production company because its contacts with Illinois were "merely fortuitous" and too attenuated to support personal jurisdiction. *Id.* at 312; *see also Busch v. Viacom Int'l, Inc.*, 477 F. Supp. 2d 764, 772-73 (N.D. Tex. 2007) (dismissing complaint for lack of personal jurisdiction where "[t]he piece was not directed at viewers of *The Daily Show* in Texas, but was broadcast nationwide."); *Hatfill v. New York Times Co.*, No. 1:04cv807, 2004 WL 3023003, at *12 (E.D. Va. Nov. 24, 2004) ("[I]t is well established that writing for a nationally circulated newspaper does not constitute doing or soliciting business, or engaging in persistent course of conduct within a forum state.") (citing

*McFarlane v. Esquire Magazine*, 74 F.3d 1296, 1301 (D.C. Cir. 1996), *rev'd on other grounds*, 416 F.3d 320 (4th Cir. 2005)).

Here, any national broadcasts of *Dream Machines* on the Syfy network were not purposefully directed to Louisiana.[1] There is no allegation that NBCUniversal or Syfy targeted Louisiana for distribution of the *Dream Machines* program or the display of Mr. Asevedo's design. Thus, Mr. Asevedo cannot satisfy the "purposeful availment" prong for any alleged infringement relating to the broadcasts.

    c.  Online Availability of *Dream Machines* Is Not a Hook for Personal Jurisdiction in Louisiana.

Mr. Asevedo seems to be attempting to find an alternative hook for personal jurisdiction by alleging Syfy broadcasts *Dream Machines* episodes through its "interactive" website. Mr. Asevedo's alleges that Syfy has episodes and photos available with the allegedly infringing design, and the site "reproduces, distributes, and publicly perform and displays" the design. But Mr. Asevedo makes no allegations that Syfy sells any *Dream Machines* merchandise on its website bearing his design to Louisiana residents. *See Mink v. AAAA Dev., LLC*, 190 F.3d 333, 337 (5th Cir. 1999) (personal jurisdiction not appropriate where there "was no evidence that [company] conducted business over the Internet by engaging in business transactions with forum

---

[1] By contrast, Judge Vance found that personal jurisdiction existed in a music industry case, *Johnson v. Tuff N Rumble Management, Inc.*, No. 99-1364, 1999 WL 1201891 (E.D. La. Dec. 15, 1999). The case is illustrative because Judge Vance found that personal jurisdiction existed specifically because the defendant "intentionally aimed its conduct at Louisiana, knowing plaintiffs would feel the brunt of the injury here." Id. at *5. In that case, plaintiffs alleged that the defendants infringed on their copyrighted song by including it as a track on their album *New Orleans Deep Roots*. Through an affiliate, the defendant had contracted with New Orleans radio and TV stations to market the album, and it had sought to acquire rights to the allegedly infringing song by purchasing a business with disputed ownership rights. Judge Vance found that these contacts arose "out of or related to plaintiff's copyright infringement claim" and therefore jurisdiction was warranted.

residents or by entering into contract over the Internet."). Thus, like the broadcasts, Mr. Asevedo alleges nothing about the Syfy website that would support a finding that Syfy or NBCUniversal had engaged in any conduct to support a finding that they had engaged in internet conduct directed to Louisiana giving rise to purposeful availment.

### 3. The Exercise of Personal Jurisdiction Would Not Be Fair and Reasonable.

Finally, even if Mr. Asevedo could establish "minimum contacts" with Louisiana, jurisdiction is still improper unless the Court finds that the exercise of jurisdiction would be fair and reasonable. *McFadin v. Gerber,* 587 F.3d 753, 759 (5th Cir 2009). For this determination, the Court should examine five factors: (1) the burden on the nonresident defendant, (2) the forum state's interests, (3) the plaintiff's interest in securing relief, (4) the interest of the interstate judicial system in the efficient administration of justice, and (5) the shared interest of the several states in furthering fundamental social policies. *Id.* "When the plaintiff's interest and the state's interest in adjudicating the dispute in the forum are so attenuated that they are clearly outweighed by the burden of subjecting the defendant to litigation within the forum," the exercise of personal jurisdiction will be found to be unreasonable, regardless of the existence of specific personal jurisdiction." *Viam Corp. v. Iowa Export-Import Trading Co.*, 84 F.3d 424, 427 (Fed. Cir. 1996).

Here, the first and fourth factors weigh against the exercise of personal jurisdiction in Louisiana. The employees of NBCUniversal or Syfy who participated in the filming and production of *Dream Machines* are likely located in their New York headquarters or in their California offices. In addition, the nonparty production company who created *Dream Machines* is located in California. Other than Mr. Asevedo, there are likely no witnesses who reside in Louisiana. Therefore, considering the burden on the defendants to defend a lawsuit in a

1105132v4

forum to which they could not have predicted that they would be haled into, the exercise of personal jurisdiction is not fair or reasonable.

### B. Venue Is Improper in Louisiana under the Copyright Act.

Alternatively, if this Court were to determine that personal jurisdiction exists over NBCUniversal and Syfy, then NBCUniversal and Syfy object to venue in the Eastern District of Louisiana and request that the Court dismiss the claims against them for failing to comply with the venue requirements of the Copyright Act, 28 U.S.C. § 1400(a). Section 1400(a) requires that a civil action relating to copyrights be brought in the judicial district where the defendant "resides or may be found." The statute preserves the broad venue provisions that were originally found under the Judiciary Act of 1789. *Time, Inc. v. Manning,* 366 F.2d 690, 697 (5th Cir. 1966). Mr. Asevedo has not met this requirement.

First, NBCUniversal and Syfy do not "reside" in Louisiana. For purposes of venue, corporations and limited liability companies are deemed to be citizens of any judicial district in which they are subject to personal jurisdiction with respect to the civil action in question. 28 U.S.C. § 1391(c). As discussed above, neither NBCUniversal nor Syfy can be deemed to be a Louisiana resident because no personal jurisdiction exists over them.

Second, a defendant may be "found" for venue purposes in a judicial district where it is subject to personal jurisdiction. *See, e.g.,* 17 *Moore's Federal Practice* § 110.39[2] (Matthew Bender 3d ed). For the reasons already above, NBCUniversal and Syfy are not subject to personal jurisdiction in the Eastern District of Louisiana. Therefore, the Court should dismiss them from this action because the claims against them are brought in the improper venue.[2]

---

[2] If the Court denies the motion to dismiss on both grounds, NBCUniversal and Syfy reserve all rights to request that the Court transfer this case to an appropriate venue in accordance with 28 U.S.C. § 1404.

## III. Conclusion

For all the foregoing reasons, this Court should dismiss NBCUniversal and Syfy from this proceeding.

Respectfully submitted,

    */s/ Lesli D.Harris*
Lesli D. Harris, 28070, (T.A.)
    lharris@stonepigman.com
J. Dalton Courson, 28542
    dcourson@stonepigman.com
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Telephone: (504) 581-3200

Attorneys for NBCUniversal Media, LLC
and Syfy Media Productions, LLC

## **C E R T I F I C A T E**

I hereby certify that a copy of the above and foregoing Memorandum in Support of Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue has been served upon all counsel of record by the Court's CM/ECF system, this 25th day of September, 2012.

*/s/ Lesli D. Harris*