**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| PRESTON ASEVEDO | * | **JURY DEMAND** |
| | * | |
| Plaintiff, | * | **CIV. NO.: 2:12-cv-02005-KDE-DEK** |
| | * | |
| Versus | * | **JUDGE: AFRICK** |
| | * | |
| NBCUNIVERSAL MEDIA, LLC, | * | |
| SYFY MEDIA PRODUCTIONS, LLC, | * | |
| PARKER BROTHERS CONCEPTS, | * | **MAGISTRATE: KNOWLES** |
| LLC, PARKER BROTHERS | * | |
| CHOPPERS, INC., PARKER | * | |
| BROTHERS ENTERPRISES, LLC, | * | |
| SHANON PARKER, AND | * | |
| MARC PARKER | * | |
| | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S OPPOSITION TO NBCUNIVERSAL MEDIA, LLC and
SYFY MEDIA PRODUCTIONS, LLC's MOTION TO DISMISS FOR LACK
OF PERSONAL JURISDICTION AND IMPROPER VENUE
AND REQUEST FOR ATTORNEYS' FEES**

NOW INTO COURT, comes Plaintiff, Preston Asevedo, with his Opposition to

NBCUniversal Media, LLC ("NBCUniversal") and Syfy Media Productions, LLC ("Syfy",

and collectively, "Defendants") Motion to Dismiss for Lack of Personal Jurisdiction and

Improper Venue (Document No. 22).  For the reasons set forth below, the Motion to Dismiss

should be denied because Asevedo has properly stated a claim for personal jurisdiction against

both defendants.  Alternatively, if the Court finds that there is a question as to whether Asevedo

has stated a *prima facie* case for jurisdiction (which it should not), Asevedo requests that he be

allowed reasonable time to conduct discovery exploring defendants' contacts with Louisiana before considering defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue.[1]

## SUMMARY OF ARGUMENTS

As further discussed, *infra*, Defendants' Motion to Dismiss should be denied because NBCUniversal and Syfy are both national companies that broadcast television programming to all 50 states, including Louisiana, and internationally. Further, there is no question that these defendants purposefully availed themselves of the privileges of doing business in Louisiana and directed their infringing activities to Louisiana residents. While the Motion to Dismiss is extremely vague as to NBCUniversal and Syfy's contacts and activities in Louisiana, Defendants concede the following:  1) that they broadcast the *Dream Machines* program—the show at issue in this lawsuit—on television to a national audience, including viewers in Louisiana; and 2) that they made the *Dream Machines* program available for streaming through Syfy's website, where it can be viewed by people in Louisiana. Moreover, the harm of these defendants' acts of infringement was felt in Louisiana, by Mr. Asevedo, a Louisiana artist whose works were developed and copyrighted from Louisiana. Accordingly, the Court can and should exercise specific personal jurisdiction over NBCUniversal and Syfy.

In addition, although NBCUniversal and Syfy are in possession of the relevant facts, it is well-known that these Defendants have network affiliates in Louisiana (including New Orleans' own WDSU-TV, which has continuously broadcast NBC programming since at least 1948), produce television shows in Louisiana, operate interactive websites advertising their goods and

---

[1] Asevedo has filed a Motion for Jurisdictional Discovery to be submitted to the Court on October 24.  Should the Court deny Defendants' Motion to Dismiss based the allegations of the Complaint and the legal arguments, Asevedo's request for jurisdictional discovery will be moot.

services to Louisiana consumers, sell and deliver merchandise to Louisiana residents, and have contracts to supply programming on NBCUniversal and its various cable networks to viewers in Louisiana.   These contacts suggest that Defendants' Louisiana contacts are continuous and systematic such that they are subject to general personal jurisdiction in Louisiana.  At minimum, Asevedo should be permitted to take jurisdictional discovery to explore these contacts.  With respect to the venue challenge, venue is proper under 28 U.S.C. §1391(b)(2) because the harm occurred in this judicial district or under §1391(b)(3) because the Eastern District of Louisiana has jurisdiction over other defendants in this action.

Consequently, the complaint filed herein sufficiently alleges that this Honorable Court has personal jurisdiction over NBCUniversal and Syfy and that venue is proper.   In the alternative, should the Court find that questions of fact exist as to whether exercise of personal jurisdiction is proper, Asevedo respectfully requests that the Court enter an Order allowing limited jurisdictional discovery.

Finally, due to the nature of Defendants' highly suspect jurisdictional challenge, including misstating the holdings and applicability of the majority of its cited cases (*infra,* page 13-14), Asevedo requests an award of reasonable attorneys' fees incurred in opposing the instant Motion.

## FACTUAL BACKGROUND

This lawsuit arises out of Asevedo's efforts to protect his copyrighted artwork from blatant, repeated, and <u>on-going</u> infringements by Defendants.  Plaintiff is a professional artist and

illustrator. In 2005, Plaintiff conceived and created a two-dimensional artwork entitled "Comedy Tragedy Skulls", a copy of which is depicted below (the "Artwork").[2]

*Plaintiff's Original Artwork*



The Artwork is wholly original and constitutes copyrightable subject matter.  All rights, title and interest in the Artwork are owned by Plaintiff.[3]  Plaintiff owns and holds United States Copyright Registration No. VA 1-819-216 for the Artwork issued by the United States Copyright Office.[4]

NBCUniversal and Syfy produce and distribute a reality television show on the Syfy network called *Dream Machines.*[5]  Asevedo has learned that each of the Defendants have prominently and blatantly copied and published Plaintiff's Artwork on the *Dream Machines* television show without permission.[6]  The stars of the *Dream Machines* show typically wear t-shirts depicting Plaintiff's Artwork[7], the infringing work is used on or in connection with the finished vehicles[8], and a colossal reproduction of Plaintiff's Artwork is often shown on the roof

---

[2] Rec. Doc. 1, ¶12.
[3] Rec. Doc. 1, ¶13.
[4] Rec. Doc. 1, ¶14 and Exhibit A to Rec. Doc. 1.
[5] Rec. Doc. 1, ¶16.
[6] Rec. Doc. 1, ¶18.
[7] Rec. Doc. 1, ¶20; Exhibit B and C to Rec. Doc. 1.
[8] Rec. Doc. 1, ¶20; Exhibit D to Rec. Doc. 1.

4

of Parker Brothers Defendants' shop.[9]  In fact, the infringing use of Plaintiff's Artwork on the television show is so pervasive that is it rare for 30 seconds to pass on the 40+ minute show without the infringing work appearing in one form or another.

Moreover, the facts available to Plaintiff indicate that NBCUniversal and Syfy have played an active role in the infringements.  Defendants have used Plaintiff's Artwork on Syfy's interactive website accessible to Louisiana residents.[10]   Also, NBCUniversal and Syfy host and publish full episodes of the *Dream Machines* television show evidencing numerous instances of the infringements at the following website:  http://www.syfy.com/videos/Dream%20Machines/.[11] Moreover, NBCUniversal appears to exert creative influence on the *Dream Machines* show:  In one episode, the Parker Brothers were commissioned to build a concept vehicle made to look like alien technology for the red carpet premiere of Universal Pictures' 2012 movie, "Battleship."[12] Universal Pictures is a division of NBCUniversal.

Lastly, it bears mentioning that, although Defendants' Motion to Dismiss asserts that they are out-of state corporations who are not "essentially at home" in Louisiana, conspicuously absent from this filing is any actual evidence to support this claim. (Doc. Rec. 15-2.) Where is the sworn affidavit where NBC testifies that is does not do business in Louisiana, sell products and broadcast programming to Louisiana consumers, receive revenue from Louisiana markets, have longstanding and continuous contracts with Louisiana-based NBC affiliates and cable companies, and/or advertise its goods and services to Louisiana residents? The absence of such evidence, commonplace in similar motions to dismiss, no doubt stems from the fact that NBC is

---

[9] Rec. Doc. 1, ¶20 and Exhibit E to Rec. Doc. 1.
[10] Rec. Doc. 1, ¶21; http://www.parkerbrothersconcepts.com and http://www.syfy.com/dreammachines.
[11] Rec. Doc. 1, ¶22.
[12] Rec. Doc. 1, ¶17.

fully aware that it cannot in good faith make such claims.

## LAW AND ARGUMENT

**I.    NBCUNIVERSAL AND SYFY HAVE MINIMUM CONTACTS WITH LOUISIANA SUFFICIENT TO SUPPORT JURISDICTION.**

The Due Process Clause of the Fourteenth Amendment guarantees that no federal court may assume personal jurisdiction over a non-resident defendant unless the defendant has meaningful "contacts, ties, or relations" with the forum state. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Jurisdiction may be general or specific. Where a defendant has "continuous and systematic general business contacts" with the forum state,[13] the court may exercise "general" jurisdiction over any action brought against that defendant. *Id.* at 414, 104 S.Ct. 1868 n. 9. Where contacts are less pervasive, the court may still exercise "specific" jurisdiction "in a suit arising out of or related to the defendant's contacts with the forum." *Id.* at 414, 104 S.Ct. 1868 n. 8.

The Court has both specific and general jurisdiction over NBCUniversal and Syfy in this matter as a result of their contacts with the forum state giving rise to this litigation, as well as their continuous, pervasive contacts with the forum state.

### A.    *Specific Personal Jurisdiction*

The Fifth Circuit applies a three-prong test to determine if the district court may exercise specific jurisdiction:  (1) whether the defendant purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and

---

[13] *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984).

(3) whether the exercise of personal jurisdiction is fair and reasonable.  *Luv N Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465 (5th Cir. 2006).  Each element shall be addressed in turn.

### 1.    *Purposeful Availment*

The first part of the test for specific personal jurisdiction requires a showing that the defendant engaged in some act to purposefully avail itself of the privilege of conducting activities in the forum.  NBCUniversal and Syfy's activities indicate that they have purposely availed themselves of the Louisiana forum.  Under the Supreme Court's "purposeful availment" standard, the defendant's connection with the forum state must be such that he could reasonably anticipate being haled into court there.[14]

In tort cases, specific personal jurisdiction attaches if the defendant's conduct is aimed at or has an effect on the forum state.  In *Calder v. Jones*, the Supreme Court set forth the "effects test" for personal jurisdiction in similar tort cases.[15]  *Calder* involved a publisher of a national magazine located in Florida that published a defamatory article about the plaintiff, a celebrity living and working in California.[16] In addressing California's exercise of personal jurisdiction over the defendants, the Court focused its analysis on the interaction between the defamatory conduct and the forum state.[17]  As a result, the Court held that "California is the focal point both of the story and of the harm suffered*."[18]*  Thus, California had personal jurisdiction over the Florida defendant based on the "effects" of the harm suffered.[19]  In establishing the *Calder* "effects" test, the Court noted that jurisdiction was appropriate when the defendant's actions, or

---

[14] *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).
[15] 465 U.S. 783, 785 (1984).
[16] 465 U.S. 783, 785 (1984).
[17] *Id.* at 788-90.
[18] *Id.* at 789.
[19] *Id.*

7

conduct in question, were "expressly aimed" at the forum state.[20]  Here, as in *Calder*, the effects of the defendants' wrongful conduct are felt in Louisiana by Preston Asevedo, a Louisiana citizen.

Courts will also consider whether it was foreseeable that the product causing the injury would cause injury within the forum state, such that a defendant "should reasonably anticipate being haled into court there."  *See World Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).  Considering the highly mobile product—a television program that is broadcast in all 50 states and internationally—it was clearly foreseeable that the *Dream Machine* programs would reach viewers in Louisiana and potentially cause injury there.

*NBCUniversal and Syfy's Broadcast and Distribution*
*to Louisiana Viewers/Consumers.*

As previously noted, Defendants concede the following:  1) that they broadcast the *Dream Machines* program—the show that is at issue in this lawsuit—on television to a national audience, including viewers in Louisiana; and 2) that they made the *Dream Machines* program available for streaming through Syfy's website, where it can be viewed by people in Louisiana. By their own admission, NBCUniversal and Syfy have contacts sufficient to show that they have purposefully availed themselves of the privileges of doing business in Louisiana.

Although Defendants confidently boast in their motion that "Courts have consistently held that a national television broadcast alone does not render the broadcaster subject to personal jurisdiction in any jurisdiction with viewers" (a contention is demonstrably false and not supported by Defendants' cited cases, as further discussed *infra*, page 13-14), the fact of the matter is that Defendants' claim ignores clear Louisiana federal court authority to the contrary.

---

[20] *Id.*

In *Holmes v. TV-3, Inc.,* the Western District of Louisiana held that courts may exercise specific personal jurisdiction against the television broadcaster of a show that contained defamatory material. *See, e.g., Holmes v. TV-3, Inc.*, 141 F.R.D. 692 (W.D.La. 1991) (Louisiana court had specific personal jurisdiction over Mississippi TV station that broadcast defamatory news program where broadcast area included parts of Louisiana; "because the alleged tortious activity arose directly from the contacts with the state, specific personal jurisdiction is available"). Moreover, numerous other federal courts around the country have come to similar conclusions. *See, e.g., Tonka Corp. v. TMS Entertainment, Inc.*, 638 F.Supp. 386 (D. Minn. 1985) (exercising personal jurisdiction over defendant in trademark infringement case whose sole contact was the broadcast of its TV show by American Broadcasting Company ("ABC") affiliates in the forum state); *Scorpinti v. Fox Television Studios, Inc.*, 11-64, 2012 WL 3791314 (N.D. Iowa Aug. 31, 2012) (in trademark infringement suit, Iowa had personal jurisdiction over Fox Television Studios based on broadcast of 13 episodes of television show at issue through ABC local affiliates). Further, this Court has personal jurisdiction over Defendants because they have committed an injury that is felt in Louisiana by virtue of the broadcast of the *Dream Machines* show. *Indianapolis Colts, Inc. v. Metro. Baltimore Football Club*, 34 F.3d 410 (7th Cir. 1994) (finding that a Baltimore football team was subject to jurisdiction in Indiana due to broadcast of its games on cable television in Indiana, which harmed the Indiana plaintiff.)

Perhaps most damaging to Defendants' arguments is the fact that at least one Louisiana court has *already* held that NBC may be subject to personal jurisdiction in Louisiana based on the broadcasting of its television shows in Louisiana markets through its local affiliates. *See, Julia Cosmetics, Inc. v. National Broadcasting Co., Inc.*, 355 F.Supp. 938 (W.D.La. 1973). In

clear and unequivocal terms, the *Julia Cosmetics* court held that, as in this case, "**NBC has purposefully availed itself of the privilege of transacting business in Louisiana by having contracts with various stations in Louisiana and distributing and providing these stations with live and taped shows to broadcast in this State, which activity is the underlying basis of this controversy.**" *Id.* at 944.

*Defendants' Internet Contacts With Louisiana.*

Not only has Defendants' television broadcast of the infringing program opened it to jurisdiction here, but the Court also has jurisdiction over NBCUniversal and Syfy because of their online transmission of the *Dream Machines* program, including to viewers in Louisiana.

With respect to internet contacts, the Fifth Circuit has adopted the "sliding scale" test set forth by the court in *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*[21]  The court in *Zippo* focused on the "nature and quality of commercial activity that an entity conducts over the Internet" and the level of interactivity of the business' website.[22]  In *Zippo*, the court held it could exercise personal jurisdiction in Pennsylvania over a California defendant whose registration of the domain names "zippo.com," "zippo.net," and "zipponews.com" on the Internet allegedly infringed the trademark of the Pennsylvania manufacturer of Zippo lighters.  The court noted that the defendant's contacts with Pennsylvania were almost exclusively over the Internet.[23]  The defendant's advertising for its service to Pennsylvania residents involved posting information about its service on its web page, which was accessible to internet users in Pennsylvania.[24]

---

[21] 952 F. Supp. 1119 (W.D. Pa. 1997).  *See, e.g., Revell v. Lidov,* 317 F.3d 467, 470 (5th Cir. 2002).
[22] *Zippo,* 952 F. Supp. at 1124.
[23] *Id*. at 1127.
[24] *Id*. at 1121.

10

Here, as in *Zippo,* the exercise of specific personal jurisdiction is warranted because Defendants' wrongful acts arose in part out of Defendants' ownership or operation of a website that allows consumers in Louisiana to view the *Dream Machines* show, and associated revenue-producing advertising. Courts in the Fifth Circuit may exercise personal jurisdiction over a defendant that does business over the internet by entering into contracts with residents of other states by knowingly and repeatedly transmitting computer files over the internet. *See Carrot Bunch Co. v. Computer Friends, Inc.*, 218 F.Supp. 2d 820 (N.D. Tex. 2002) (citing *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F.Supp. 1119 (W.D. Pa. 1997) and *Mink v. AAAA Development, LLC*, 190 F.3d 333 (5th Cir. 1999)).

Defendants argue that their internet presence is not sufficient to confer personal jurisdiction because they do not sell any physical products containing infringements of the Artwork on their websites. But Defendants also overlook the simple fact that their main "product" is the broadcast of the infringing works through the *Dream Machines* show itself. All of this material, including the streaming of full episodes of the show, is available to Louisiana residents on Defendants' websites. Maintaining an active website that allows a defendant to transfer information virtually has been held to confer specific personal jurisdiction. *See uBid, Inc. v. GoDaddy Group*, Inc., 623 F.3d 421 (7th Cir. 2010) (defendant subject to personal jurisdiction in Illinois for sale of domain names to customers in Illinois); *Chicago Architecture Foundation v. Domain Magic, LLC*, 07-764, 2007 WL 3046124 (N.D. Ill. Oct. 12, 2007) (court could exercise jurisdiction over nonresident defendant that used internet links to divert consumers in foreign state away from plaintiff's site); *Multi-Tech Systems, Inc. v. VocalTech Communications, Inc.*, 122 F.Supp.2d 1046 (D. Minn. 2000) (free software downloads available

11

to Minnesota residents on defendant's website supported basis for exercise of personal jurisdiction); *Henderson v. Laser Spine Institute*, 815 F.Supp.2d 353 (finding that website which provided a form to schedule a free MRI Review and online contact request forms, as well as testimonials from across the United States and Canada would probably be sufficient under *Zippo* analysis; the court found there was personal jurisdiction based on the defendants' website combined with "extensive national advertising and … national sales").  In short, and contrary to Defendants' assertion, physical products are unnecessary.

Further, Defendants do sell other products on their sites, including T-shirts, DVDs, and games.  Defendants' interactive website operates as a "virtual store" that solicits customers to purchase merchandise, and provides shipment of these goods to customers in Louisiana. Certainly, this high level of interactivity supports the exercise of personal jurisdiction.  *See, Am. Eyewear, Inc. v. Peeper's Sunglasses & Accessories, Inc. peepers*, 106 F. Supp. 2d 895, 903 (N.D. Tex. 2000) ("by establishing an e-commerce web site, PI intended to direct its name and products at everyone with Internet access. PI opted to transact business with Texas residents. It cannot now maintain that it did not foresee the consequences of interactively selling its products in this state."); *Tempur-Pedic Int'l, Inc. v. Go Satellite Inc.*, 758 F. Supp. 2d 366, 373 (N.D. Tex. 2010) (exercising jurisdiction over defendant that maintained web site that "specifically permits shipping to Texas and enables Texas residents to pay for and purchase products online.").

Considering the existence of NBCUniversal and Syfy's interactive website, combined with their other Louisiana contacts, it is clear that these Defendants possess minimum contacts with Louisiana that would subject them to specific personal jurisdiction here.

<u>*All of Defendants' Cases Are Easily Distinguishable*</u>

NBCUniversal and Syfy rely on a number of cases for its argument that television broadcasts to a national audience are not sufficient to confer personal jurisdiction, but all of Defendants' cases are readily distinguishable.   In *Annie Oakley Enterprises, Inc. v. Sunset Tan Corporate & Consulting, LLC*, the defendants contesting jurisdiction merely appeared in a television show that was filmed in California – they were not the *broadcasters* of same.   703 F.Supp.2d 881 (N.D.Ind. 2010).  Here, in contrast, Defendants are the actual broadcasters who placed the *Dream Machines* show into the national stream of commerce.   Further, the tanning lotions at issue in *Annie Oakley* were not even advertised or featured on the show at issue, making it questionable whether specific personal jurisdiction was even addressed.  *Id.* at 885.

*Ham v. La Cienega Music Co.*, and *Publications International, Ltd. v. Simon & Schuster* are also distinguishable because in those cases, both declaratory judgment actions seeking judgments of non-infringement, the claims did not arise out of the defendants' forum-related activities.   *Ham,* 4 F.3d 413, 416 (5th Cir. 1993) ("resolution of this action depends solely upon whether [plaintiffs' song] 'La Grange' infringed copyrights owned by [defendants].  Exploitation of the 'Boogie Chillen' copyrights by the defendants in no way relates to the merits of that question."); *Publications*, 763 F.Supp. 309 (N. D. Ill. 1991) ("Here, PIL's declaratory judgment action stems from its publication of 'Welcome to Twin Peaks,' and we agree with TP Products that broadcast of the television series is irrelevant to the determination of whether the book infringes upon the production company's copyrights or trademarks.") [25]   In the present case, Defendants' broadcast of the *Dream Machines* program is the very wrong complained of.

---

[25] Defendants have, knowingly or not, misstated the holdings of these cases and failed to point out that the nationally broadcast work for which the plaintiffs were trying to pin specific personal jurisdiction were not actually the

Likewise, *Busch v. Viacom International, Inc.* and *Hatfill v. The New York Times Company* are also totally inapplicable to this case.  The defendants seeking to avoid jurisdiction in those two cases were individuals, respectively, the comedian Jon Stewart and columnist Nicholas Kristof, who had only very attenuated contacts with the forum states that were unrelated to the lawsuits.  477 F.Supp.2d 764 (N.D. Tex. 2007); No. 04-807, 2007 WL 3023003 (E.D.Va. 2004).  Tellingly, as the actual broadcasters / distributors in those cases, Viacom <u>did not</u> contest personal jurisdiction for the allegations in *Busch* arising out of its television broadcast and The New York Times Company <u>did not</u> raise that issue in *Hatfill.*

In short, the fact that NBCUniversal and Syfy have broadcast their program by television and internet to Louisiana consumers shows that Defendants' commercial activity related to this lawsuit constitutes purposeful availment.

### 2.   <u>*Specific Jurisdiction is Based on Defendants' Infringing Activities*</u>

The second prong of the specific jurisdiction test requires a showing that the claim arises out of or results from the defendant's forum-related activities.  On this point, the preceding section has been limited to the sales and advertising of the infringing *Dream Machines* television program – the very product that is the subject of this suit.  Consequently, there can be no question that Asevedo's claims "arises out of" Defendants' forum-related activities.

---

infringing works that were the subjects of those suits.  In fact, the court in *Ham* specifically noted that it **"might reach a different result in an action asserting 'Boogie Chillen' as infringing the copyright of another work."** *Id.* at fn.13.  Consequently, this case actually <u>*supports*</u> Plaintiff, as the *Ham* court expressly indicates that it would likely find specific jurisdiction against the distributor of an *infringing* work.

### 3.        *Exercise of Jurisdiction Over Defendants Would Be Reasonable.*

The final element for specific jurisdiction concerns whether the exercise of specific jurisdiction would be reasonable.   Here, the exercise of specific personal jurisdiction over Defendants in this case is entirely reasonable based on Defendants' conduct.

Courts in the Fifth Circuit consider the following factors when making this determination:  (1) the burden on the nonresident defendant; (2) the forum state's interests; (3) the plaintiff's interest in securing relief; (4) the interstate judicial system's interest in obtaining the efficient administration of justice; and (5) the shared interest of the several states in furthering fundamental social policies. *Luv N Care, Ltd. v. Insta-Mix, inc.*, 438 F.3d 465 (5th Cir. 2006).

NBCUniversal and Syfy only addressed factors 1 and 4 in their Motion to Dismiss.  But here, a complete analysis of the fairness factors demonstrates that they weigh in favor of the exercise of jurisdiction.  As for Factor 1, the burden of defending in a Louisiana forum would not be great for NBCUniversal or Syfy, both large multinational companies with extensive resources and competent counsel in Louisiana.  Further, even though these Defendants are headquartered out of state, the burden would not be great considering the advances in telecommunications and travel.  Factors 2 and 3 also weigh in favor of jurisdiction because Louisiana has a substantial interest in adjudicating this dispute involving a Louisiana plaintiff who alleges injury due to Defendants' wrongful conduct of broadcasting infringing material in Louisiana.  Factor 4 also weighs in favor of jurisdiction because Louisiana's exercise of jurisdiction would help to avoid piecemeal litigation.   This suit has already been pending in Louisiana for several months, and the Parker Brothers defendants have answered.  It is unclear whether the Parker Brothers would

be subject to jurisdiction in California or New York (two states that NBCUniversal and Syfy suggest would be *proper fora*).  Factor 5 does not weigh heavily in either direction as Louisiana and other states have equal interest in enforcing the federal Copyright Act.

In sum, Louisiana has a substantial interest in protecting the intellectual property of its residents from injuries by foreign businesses.  Moreover, Defendants have done substantial business in Louisiana giving rise to the present lawsuit.  Defendants have not shown that defending a suit in Louisiana would be unusually burdensome.  Due process is not violated by the exercise of jurisdiction in this case.  This Court should deny Defendants' Motion and find that NBCUniversal and Syfy are subject to specific personal jurisdiction in Louisiana.

### B.    *General Personal Jurisdiction*

In addition to having specific personal jurisdiction over NBCUniversal and Syfy, this Court also has general personal jurisdiction over these Defendants. Alternatively, should the Court find that the Complaint does not contain sufficient facts to support general personal jurisdiction, Asevedo requests that the Court grant leave for him to conduct limited jurisdictional discovery to explore Defendants' Louisiana contacts.

"A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, –— U.S. –—, 131 S.Ct. 2846, 2851, 180 L.Ed.2d 796 (2011).  For general jurisdiction to exist, a defendant must engage in "continuous and systematic general business contacts," *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408,

416, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984), that create a "business presence in the forum state." *Access Telecom, Inc. v. MCI Telecom Corp.*, 197 F.3d 694, 717 (5th Cir. 1999).

On information and belief, NBCUniversal and Syfy have regularly and continuously conducted business in Louisiana on their own behalf and through their Louisiana NBC affiliates, which have offices and employees in Louisiana.   NBCUniveral and Syfy have evidently contracted with cable companies and local stations to broadcast their programming in Louisiana and apparently have contracts with Louisiana companies to show their advertisements. Moreover, Louisiana's emergence as the "Hollywood of the South" has caused for Defendants to film and produce programs in Louisiana.

In its Motion, Defendants do not offer an affidavit or other evidence to refute these apparent contacts, but simply argue that Asevedo has not met his burden of proof.  However, it is impossible to plead all the jurisdictional facts at this time because only NBCUNiversal and Syfy have this information.   Although Asevedo contends that this Court can deny Defendants' motion on its face, at a minimum, Asevedo should be permitted to take jurisdictional discovery to explore the Defendants' Louisiana contacts.

## II.    VENUE IS PROPER IN THE EASTERN DISTRICT OF LOUISIANA.

Venue for this action is properly situated in the Southern District of Louisiana. NBCUniversal and Syfy argue that 28 U.S.C. §1400(a) provides the applicable venue in actions under the Copyright Act.  However, as Defendants candidly admit, this venue is not exclusive, and the general venue provision in 28 U.S.C. 1391 also applies.  *Time, Inc. v. Manning*, 366 F.2d 690, 697 (5th Cir. 1966).[26]    Under section 1391, venue is proper in the Eastern District of

---

[26] Another holding of *Time, Inc.*, which Defendants apparently overlooked, is that the United States District Court for the Eastern District of Louisiana could exercise personal jurisdiction over a New York corporation for damages

Louisiana because the resulting harm from Defendants' infringing activities occurred in this judicial district and because other defendants to this action are subject to this Court's jurisdiction.  Here, Plaintiff is a resident of the Eastern District of Louisiana and, consequently, all harm resulting from Defendants' infringing activities occurred in this judicial district.

Moreover, pursuant to 28 U.S.C. § 1391(b)(3), "if there is no district in which an action may otherwise be brought as provided in this section" venue is proper in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." Venue is proper under 28 U.S.C. § 1391(b)(3) because this Court has personal jurisdiction over Defendants, as set forth in the previous sections, and because the Parker Brothers Defendants have already filed an Answer in this suit. Accordingly, NBCUniversal and Syfy's Motion to Dismiss for Improper Venue should be denied.

## III.   IN THE ALTERNATIVE, PLAINTIFF RESPECTFULLY REQUESTS THE OPPORTUNITY TO ENGAGE IN JURISDICTIONAL DISCOVERY

Based on the foregoing, Asevedo believes that he has provided more than enough support for the exercise of both specific and general jurisdiction as to NBCUniversal and Syfy.  Should the Court disagree and find that jurisdiction is not yet established, Asevedo respectfully requests the opportunity to engage in jurisdictional discovery which should definitely establish that NBCUniversal and Syfy has availed themselves of the privileges of this forum.

## IV.   REQUEST FOR ATTORNEYS' FEES

Based on the existing case law, this does not appear to be a case where jurisdiction is even remotely in doubt.  NBCUniversal and Syfy do not dispute that they have broadcast the

---

arising out of a corporation's publication of a copyrighted picture.  Judge Wisdom, writing for the Fifth Circuit reasoned that the defendant's distribution of magazines in Louisiana created sufficient minimum contacts to confer jurisdiction in a lawsuit arising out of those activities.

television program giving rise to this copyright infringement lawsuit to Louisiana audiences on television and on the internet.  Moreover, Defendants have, on several occasions, misstated the holdings and applicability of their case law.  As a result of Defendants' Motion, Asevedo has been left with no choice but to incur substantial attorneys' fees in defending against these Defendants' legally untenable positions.  Consequently, Plaintiff respectfully requests that this Court award his reasonable attorneys' fees incurred in connection with same.

## CONCLUSION

For the foregoing reasons, Plaintiff, Preston Asevedo, respectfully requests that NBCUniversal and Syfy's Motion to Dismiss be denied.  Furthermore, Asevedo requests that this Court order an award of reasonable attorneys' fees against Defendants.

Respectfully submitted,

*/s/ Brad E. Harrigan*
**Brad E. Harrigan, La. Bar # 29592**
**Anne E. Briard, La. Bar # 29102**
**LUGENBUHL, WHEATON, PECK,**
**RANKIN & HUBBARD**
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Telephone:   (504) 568-1990
Facsimile:   (504) 310-9195
**Attorneys for Plaintiff, Preston Asevedo**

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2012, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

*/s/ Brad E. Harrigan*
Brad E. Harrigan