UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **PRESTON ASEVEDO** | * | **JURY DEMAND** |
| | * | |
| Plaintiff, | * | CIV. NO.: 2:12-cv-02005-KDE-DEK |
| | * | |
| Versus | * | JUDGE: AFRICK |
| | * | |
| NBCUNIVERSAL MEDIA, LLC, | * | |
| SYFY MEDIA PRODUCTIONS, LLC, | * | |
| PARKER BROTHERS CONCEPTS, | * | MAGISTRATE: KNOWLES |
| LLC, PARKER BROTHERS | * | |
| CHOPPERS, INC., PARKER | * | |
| BROTHERS ENTERPRISES, LLC, | * | |
| SHANON PARKER, AND | * | |
| MARC PARKER | * | |
| | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S RESPONSE TO NEWLY RAISED ARGUMENTS IN DEFENDANTS'
REPLY MEMORANDUM REGARDING VENUE**

During the December 28th status conference, this Court tasked the parties with providing limited supplemental briefing on **two** issues: 1) which venue statute applies to this case, 28 U.S.C. §1391 or 28 U.S.C. §1400, and 2) the possible application of pendent venue.

Defendants' Reply (Rec. Doc. 51) once again ignores the first issue, but then raises new arguments in response to the second. For this reason, Plaintiff requests leave to address these newly raised arguments, as well as to correct misstatements and erroneous contentions in the reply brief.

**VENUE IS PROPER UNDER THE DOCTRINE OF PENDENT VENUE**

Defendants' reply makes the newly raised argument that the Copyright Act preempts Plaintiff's Louisiana Unfair Trade Practices Act claim because the Complaint does not state that

1

Defendants engaged in any "fraudulent, immoral, or unethical conduct" and that "Plaintiff does not even allege NBC had any knowledge of Plaintiff's claims of copyright ownership in the 'Comedy Tragedy Skulls.'" (Rec. Doc. 46-2, p. 2 fn2.)  These claims are easily disproven by the Complaint itself, *e.g.*: **"Each of the Defendants knew, or should have known, that they did not have permission to copy Plaintiff's Artwork,"** (Rec. Doc. 1, p. 8), **"Defendants' above-described copying and selling of Plaintiff's copyrighted artwork has been willful and intentional,"** (Rec. Doc. 1, p. 7).  Further, Plaintiff also contends that, in holding out Plaintiff's design as their own, Defendants' have made **"fraudulent assertions of trademark rights."**  (Rec. Doc. 1, pp. 9 and 10).

Contrary to Defendants' belief, Plaintiff did point to "fraudulent, immoral, or unethical conduct" by defendants sufficient to support Plaintiff's claim under the Louisiana Unfair Trade Practices Act.  It is axiomatic that the willful taking of Plaintiff's intellectual property rights and Defendants' "fraudulent assertions" in connection with same constitute "fraudulent, immoral, *and* unethical conduct."

## THE COURT MAY APPLY EITHER VENUE STATUE, AND VENUE IS PROPER UNDER BOTH

Defendants' supplemental memorandum on venue (Rec. Doc. 42) *and* their reply memorandum (Rec. Doc. 51) wholly ignore the issue of whether this Court must only apply 28 U.S.C. §1400.  At no point in either of these briefs do Defendants cite any case law indicating that this Court may ignore the general venue statue in copyright actions.

The closest that Defendants come to arguing that only §1400 applies and not §1391 is the following unsupported statement in its reply brief:  "Venue *must* be resolved under 28 U.S.C. §1400, which *requires* that a copyright claim be brought in the venue where the defendant is found."  (Rec. Doc. 46-2, p. 4) (emphasis added).  Putting aside the lack of any case law to support this statement,

the most glaring issue is that the statute itself doesn't actually say this. To the contrary, the statute states that copyright actions "<u>may</u> be instituted in the district in which the defendant or his agent resides or may be found." As discussed in-depth in Plaintiff's opposition brief, the fact of the matter is that this Court is not required to establish venue only under §1400.

With their latest filing, Defendants have been given <u>four</u> chances to offer support for their demonstrably erroneous position that this Court may ignore the general venue statute when analyzing copyright claims, but have failed to do so. In stark contrast, Plaintiff has cited numerous cases in which venue in copyright cases was based on 28 U.S.C. §1391. (Rec. Doc. 44, p. 4.) Defendant's reply makes no attempt to distinguish these cases or provide the Court with case law in support of their position, despite being specifically instructed to do so.

### **DEFENDANTS' FORUM NON CONVENIENS ARGUMENT IS IMPROPER**

Despite only a mere mention in a footnote in their Motion to Dismiss that they reserve the right to argue for transfer under §1404 sometime in the future (Rec. Doc. 22-1, p. 10 fn 2), Defendants spend the bulk of their supplemental filing arguing for transfer to California based on *forum non conveniens*. Defendants' argument is based on their belief that this Court should transfer the case to a venue where no parties actually reside because doing so would be more convenient for them.

In support, Defendants note the possible joinder of additional entities that they claim contributed to the infringement, but for which they have failed to name as additional responsible parties, namely, Triage, Inc. and Realand Productions, LLC. Defendants do not actually provide any evidence concerning the location of these entities, though they make the unsupported allegation that both entities are located in the C.D. of California. Upon further review, however, it appears that Realand Productions is actually a Delaware limited liability company. (Ex. A). Defendants'

3

affidavit states that Realand Productions is a wholly owned subsidiary of NBCUniversal. (Rec. Doc. 42-1, p. 2.) If true, that would mean that Realand Productions' only member is a Delaware limited liability company with its principal place of business in New York. (Rec. Doc. 1, p. 3.) Once again, the facts underscore the error of Defendants' questionable argument to transfer the instant case to a jurisdiction where no parties are actually located based on the *possibility* that some entities with knowledge relevant to this suit *may* be located there.

      Lastly, NBC's points to the Parker Brothers' newly filed memorandum entitled "Consent to Venue" in which the Parker Brothers defendants claim to consent to venue in California. What NBC ignores is that the Parker Brothers defendants have already consented to venue in the Eastern District of Louisiana when they filed their Answer. (Rec. Doc. 21.)

### *THE DISPUTE REGARDING THE DECEMBER 28, 2012 STATUS CONFERENCE*

      Finally, NBC argues that this Court stated it would withhold ruling on NBC's motion to dismiss pending jurisdictional discovery. Undersigned counsel, on the hand, heard the exact opposite, namely, that this Court had found personal jurisdiction against NBC and was therefore going to deny Plaintiff's request for jurisdictional discovery as moot. It is Plaintiff's understanding that this is the reason that supplemental briefing was limited only to the issue of venue. Plaintiff further notes that, contrary to NBC's assertion, this Court has not granted Plaintiff's motion for jurisdictional discovery, nor have the parties engaged in same.

      One party clearly misinterpreted this Court's statements, and undersigned counsel apologizes to the Court if he is mistaken on this. Regardless, the silver lining to this confusion is that Defendants have finally conceded that venue under §1400 is "akin to that of personal jurisdiction." (Rec. Doc. 46-2, p. 4). Consequently, and as discussed in further detail in Plaintiff's opposition brief, should this court find that Defendants are subject to personal jurisdiction in the Eastern District

of Louisiana, then venue is proper under §1400 and the dispute over which venue statute applies is moot.

## CONCLUSION

For the foregoing reasons, and as set forth in his original Opposition to NBCUniversal and Syfy's Motion to Dismiss, Plaintiff, Preston Asevedo, respectfully requests that the Motion be denied.

          Respectfully submitted,

          */s/ Brad E. Harrigan*
          **Brad E. Harrigan, La. Bar # 29592**
          **Sara C. Eagan, La. Bar # 34271**
          **LUGENBUHL, WHEATON, PECK,**
           **RANKIN & HUBBARD**
          601 Poydras Street, Suite 2775
          New Orleans, Louisiana 70130
          Telephone:   (504) 568-1990
          Facsimile:   (504) 310-9195
          **Attorneys for Plaintiff, Preston Asevedo**

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2013, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

          */s/ Brad E. Harrigan*
          Brad E. Harrigan