UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **PRESTON ASEVEDO** | * | <u>**JURY DEMAND**</u> |
| | * | |
| **Plaintiff,** | * | **CIV. NO.: 2:12-cv-02005-KDE-DEK** |
| | * | |
| **Versus** | * | **JUDGE: AFRICK** |
| | * | |
| **NBCUNIVERSAL MEDIA, LLC,** | * | |
| **SYFY MEDIA PRODUCTIONS, LLC,** | * | |
| **PARKER BROTHERS CONCEPTS,** | * | **MAGISTRATE: KNOWLES** |
| **LLC, PARKER BROTHERS** | * | |
| **CHOPPERS, INC., PARKER** | * | |
| **BROTHERS ENTERPRISES, LLC,** | * | |
| **SHANON PARKER, AND** | * | |
| **MARC PARKER** | * | |
| | * | |
| **Defendants.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

<u>**FIRST SUPPLEMENTAL AND AMENDED COMPLAINT FOR**
**DAMAGES AND INJUNCTIVE RELIEF**</u>

**NOW INTO COURT,** through undersigned counsel, comes Preston Asevedo ("Asevedo" or "Plaintiff"), who files this First Supplemental and Amended Complaint for Damages and Injunctive Relief and alleges as follows:

**INTRODUCTION**

1.      This action arises out of willful copyright, trademark, and service mark infringement by defendants Parker Brothers Concepts, LLC, Parker Brothers Choppers, Inc., Realand Productions, LLC, Syfy Media Productions, LLC and NBCUniversal Media, LLC of artwork created and owned by plaintiff, Preston Asevedo.  Asevedo seeks preliminary and permanent injunctive relief, damages and attorneys' fees for injuries that have been and will

1

continue to be caused by such use in violation of the Copyright Act (17 U.S.C. §101 *et seq.*), for unfair competition under the Lanham Act (15 U.S.C. § 1051, *et seq.*) and Louisiana law, and for violation of the Louisiana Unfair Trade Practices and Consumer Protection Law (La. R.S. 15:1401 *et seq.*).

## JURISDICTION AND VENUE

2.      This Court has jurisdiction pursuant to 28 U.S.C. §1331 because the claims arise from Defendants' violation of, *inter alia*, Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a). This Court also has original and exclusive jurisdiction over Plaintiff's copyright claims pursuant to 28 U.S.C. §1338(a).  Further, this Court has supplemental jurisdiction under 28 USC §1367 over state-law claims; under the Louisiana Unfair Trade Practices Act (LUTPA), La. R.S. 51:1405, *et seq.*; under Louisiana Civil Code Article 2315; which arise from the same transactions or occurrences and implicate the same questions of fact and related questions of law.

3.      Venue is proper in the Eastern District of Louisiana under 28 U.S.C. §1400(a) because all defendants may be found in this district and under 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PLAINTIFF

4.      Plaintiff Preston Asevedo is a Louisiana citizen of full age of majority residing in St. Tammany Parish, Louisiana.

## DEFENDANTS

5.      Parker Brothers Concepts, Inc. ("Parker Brothers Concepts"), on information and belief, is a Florida corporation having its principal place of business in Melbourne, FL.

6.      Parker Brothers Choppers, Inc. ("Parker Brothers Choppers," and together with Parker Brothers Concepts, the "Parker Brothers Defendants"), on information and belief, is a

Florida corporation having its principal place of business in Melbourne, FL.

7.     Upon information and belief, Shanon Parker is an individual residing in Florida who is an owner or officer of the Parker Brothers Defendants and/or an animating force behind the infringements complained of herein.

8.     Marc Parker is an individual residing in Florida who is an owner or officer of the Parker Brothers Defendants and/or an animating force behind the infringements complained of herein.

9.     Realand Productions, LLC ("Realand"), on information and belief, is a Delaware limited liability company whose members may be found in New York, Connecticut, Pennsylvania, and Delaware.

10.     Syfy Media Productions, LLC ("Syfy"), on information and belief, is a Delaware limited liability.  On information and belief, each of its members are citizens of states other than Louisiana.

11.     NBCUniversal Media, LLC ("NBCUniversal"), on information and belief, is a Delaware limited liability company headquartered in New York.  On information and belief, each of its members are citizens of states other than Louisiana.

## RELEVANT BACKGROUND

12.     Plaintiff, Preston Asevedo, is a professional artist and illustrator.  In 2005, Plaintiff conceived and created a two-dimensional artwork entitled "Comedy Tragedy Skulls", a copy of which is depicted below (the "Artwork"):

*Plaintiff's Original Artwork*



13.     Plaintiff's Artwork is wholly original and constitutes copyrightable subject matter.  All rights, title and interest in the Artwork are owned by Plaintiff.

14.     Plaintiff owns and holds United States Copyright Registration No. VA 1-819-216 for the Artwork issued by the United States Copyright Office.  (See Exhibit A.)

15.     Moreover, Plaintiff uses the Artwork in commerce for the purpose of advertising and marketing his services as a commercial artist, and has used the Artwork in connection with other commercial uses.

16.     Plaintiff's commercial use of the Artwork has allowed the mark to achieve significance as a valuable trademark and service mark for Plaintiff.  Consequently, Plaintiff is the exclusive owner of common law trademark rights to the Artwork.

### Defendants' Infringing Activities

17.     The Parker Brothers Defendants own and operate a high-end auto body shop for the purposes of creating custom and/or concept vehicles for use by, *inter alia*, wealthy clients

(including sports, music, and/or film celebrities) and/or for film production and promotional purposes.

18.   Recently, the Parker Brothers Defendants became the subject of a reality television show airing on NBCUniversal's Syfy network called *Dream Machines*.

19.   The *Dream Machines* television show, which primarily stars defendants Shanon and Marc Parker, documents the brothers' efforts at manufacturing custom and/or concept vehicles.  The first season of *Dream Machines* features a "jet car" built for recording artist 50 Cent, a "Mars Rover" built for AutoTrader web site, a custom car called the "Incinerator" for actor and professional wrestler John Cena, and a concept vehicle made to look like alien technology for the red carpet premiere of Universal Pictures' 2012 movie, "Battleship."

20.   Plaintiff has recently learned that Defendants have prominently and blatantly copied and published Plaintiff's Artwork on the *Dream Machines* television show without permission.

21.   The following represents Plaintiff's copyrighted design, as well as Parker Brothers' Defendants' infringing use of same as it appears on defendants' outdoor sign:

*Plaintiff's Original Artwork*          *Defendants' Infringing Use*



*"Dream Machines" Screenshot Evidencing Full Sign*



22.   Moreover, the NBCUniversal / Syfy production of *Dream Machines* is replete with instances of similar infringements.  By way of example, the stars of the *Dream Machines* show typically wear T-shirts depicting Plaintiff's Artwork (Exhibit B,  screenshot of defendants Marc and Shanon Parker; Exhibit C, screenshot of Parker Brothers Defendants' employees), the infringing work is used on or in connection with the finished vehicles (Exhibit D, photograph of the interior of 50 Cent's "jet car"), and a colossal digital reproduction of Plaintiff's Artwork is often shown on the roof of Parker Brothers Defendants' shop (Exhibit E, screenshots of roof).  In fact, the infringing use of Plaintiff's Artwork on the television show is so pervasive that is it rare for 30 seconds to pass on the 40+ minute show without the infringing work appearing in one form or another.

23.   Defendants have also used Plaintiff's Artwork on the following interactive websites,   which   websites   are   available   and   marketed   to   Louisiana   consumers:

http://www.parkerbrothersconcepts.com, www.nbcumv.com, www.nbcuni.com, www.nbcuniversalstore.com ("NBCUniversal Online Store"), and http://www.syfy.com/dreammachines ("Syfy Website").

24.     The Syfy Website is a fully interactive website with videos, games, photographs, and special features.  One such feature allows internet users to "Build Your Own" *Dream Machines* vehicle by choosing a vehicle design and then customizing it with paint, rims, accessories (such as an engine or spoiler), and ground and lighting effects.  The end result is a vehicle that is unique to that user.  Using the built-in features from the website, users can then save their vehicles to the Syfy Website to show off to other users of the website, or share the vehicle through various social media outlets.  This interactive activity, including many of the final images of the user-created vehicles, includes infringing images of Plaintiff's Artwork. (Exhibit F.)

25.     Furthermore, NBCUniversal and Syfy host and publish full episodes of the *Dream Machines* television show evidencing numerous instances of the infringements at the following interactive website, which website is available and marketed to Louisiana consumers: http://www.syfy.com/videos/Dream%20Machines/.

26.     On information and belief, NBCUniversal and Syfy have engaged in continuous and systematic contacts with Louisiana through, *inter alia,* sales from the NBCUniversal Online Store directly to Louisiana consumers.

27.     It is readily apparent that the Parker Brothers Defendants' have built their entire brand around Plaintiff's Artwork.  Defendants have been marketing and selling products containing Plaintiff's copyrighted design, including T-shirts, hats, and key chains, at the following website:   http://shop.parkerbrothersconcepts.com/shop.html (Exhibit G, images from

Parker Brothers Defendants' online store).

28.     After Plaintiff became aware of Defendants' infringing activities, he contacted the Parker Brothers Defendants concerning same in April 2012.  In response, defendant Shanon Parker admitted to taking the Artwork without permission, compensation, or attribution, as follows:

> **"We used a variation of a skull logo that we understand was originally drawn by you for our logo.  We wanted to speak with you about using your name in co[n]junction with the artwork as we could never find out who the artist was until now.  We would have come to you first if we had known.  Please contact me at your convenience to discuss this as we are preparing to sell t-shirts with our design and would like to compensate you for your work as well as credit you on it."**

(See Exhibit H.)

29.     Despite the fact that the parties failed to come to an agreement concerning the use of Plaintiff's Artwork, the Parker Brothers Defendants decided to proceed with their plans of selling products bearing Plaintiff's original design.

30.     Upon information and belief, the remaining defendants, Realand, Syfy, and NBCUniversal, willfully expanded the infringing uses of the Artwork despite being on notice of the infringement.

31.     Defendants' above-described copying and selling of Plaintiff's copyrighted artwork has been willful and intentional.

32.     The products sold by the Parker Brothers Defendants wholly encompass and directly copy Plaintiff's Artwork.  It is immediately obvious from these representations that the Parker Brother Defendants copied Plaintiff's design.  Furthermore, in an e-mail exchange in April, 2012, the Parker Brothers Defendants and defendant Shanon Parker admitted to taking Plaintiff's artwork without compensation or credit.

8

33.     Upon information and belief, Triage Entertainment, Inc. contracted with the Parker Brothers Defendants to produce *Dream Machines*.  Triage Entertainment then purportedly sold its rights in the show to defendant Realand, a wholly owned subsidiary of NBCUniversal. Upon information and belief, Triage Entertainment subsequently ceased operations.

34.     Upon information and belief, Realand, and/or its predecessor in interest, digitally manipulated the Artwork in order to make it appear as a colossal reproduction on the roof of the Parker Brothers Defendants' building.  (Exhibit E, screenshots of roof).

35.     Realand now purports to hold the copyright in the Dream Machines television show, despite the fact that Realand knew or should have known that the show infringes upon Plaintiff's work.

36.     Defendants Syfy and NBCUniversal are the distributors of the Parker Brothers' television show.

37.     Together with its wholly owned subsidiary companies, Syfy and Realand, NBCUniversal reproduces, distributes, and publicly performs the Parker Brothers Defendants' infringing products and works on television.

38.     Further, and upon information and belief, NBCUniversal and Syfy worked together to advertise and promote their infringing uses of the Artwork, and also reproduce, distribute, and publicly perform and display the infringing works via their respective websites.

39.     Upon information and belief, NBCUniversal also handles advertising responsibilities for the show and serves as media contact in connection with same.

40.     According to NBCUniversal's website, NBCUniversal and Syfy boast distribution of its Syfy cable network of 95 million viewers.

41.     Each of the Defendants knew, or should have known, that they did not have

9

permission to copy Plaintiff's Artwork.

42.    To date, NBCUniversal and Syfy continue to willfully infringe Plaintiff's copyright and trademark by continuing to make episodes of *Dream Machines* available online without removing Plaintiff's Artwork.

43.    Upon information and belief, NBCUniversal, Syfy, and Realand have not only continued to infringe Plaintiff's exclusive rights to the Artwork, but have also expanded their infringing use to additional markets and territories outside of the United States, despite specific knowledge of the infringements complained of herein.

44.    NBCUniversal, Syfy, and Realand are all sophisticated companies with specific knowledge of the need to determine the origin of the Artwork prior to airing same.  Upon information and belief, these defendants acted with unethical and/or immoral purpose in either willfully failing to ascertain the origin of the Artwork prior to airing same and/or proceeding with the production of the television show and distribution of the Artwork despite knowledge of the misappropriation.

45.    Through the direct and immoral misappropriation of Plaintiff's Artwork, the willful ignorance of same, and/or the continued misappropriation of Plaintiff's copyright and trademark rights after being put on specific knowledge of the infringements, all of the defendants herein have acted in concert to misappropriate Plaintiff's Artwork and to defraud Plaintiff of royalties and due credit.

46.    Defendants have also infringed Plaintiff's trademark and service mark rights by using Plaintiff's mark in connection with the advertising, marketing, and sale of Defendants' goods and services, including, but not limited to, Defendants' entertainment services; vehicles and structural parts therefor; T-shirts; hats; and key chains.  Such infringing uses create a

substantial risk of consumer confusion in the marketplace with Plaintiff's services.

47.     Further, by passing off Plaintiff's trademark and service mark as their own, Defendants have created a likelihood of confusion by misleading consumers into believing that Plaintiff's trademark and service mark originates with Defendants.

48.     All of the defendants named herein knew that the *Dream Machines* show that they created, produced, and distributed online and on television would be shown in Louisiana markets, marketed to Louisiana consumers, advertised in Louisiana, and that they would receive revenue from Louisiana.

## Copyright Infringement

49.     Plaintiff repeats and realleges the forgoing allegations as if fully set forth in this paragraph.

50.     Plaintiff owns all right and title to the copyright interests in the Artwork.  Plaintiff holds a copyright registration issued by the United States Copyright Office.

51.     Defendants have willfully and intentionally infringed Plaintiff's copyright interests in the Artwork by reproducing, marketing, displaying, selling, and creating derivative works based on  Plaintiff's protected Artwork.

52.     Defendants' copyright infringement has damaged Plaintiff in a sum not presently known but believed to be significant.

53.     Plaintiff is entitled to preliminary and permanent injunctive relief, damages, attorneys' fees and the destruction of Defendants' infringing products, and all video and web sites containing representations of Plaintiff's Artwork.

**Contributory Copyright Infringement**

54.     Plaintiff repeats and realleges the forgoing allegations as if fully set forth in this paragraph.

55.     Upon information and belief, Realand, NBCUniversal, and Syfy had constructive or actual knowledge of the Parker Brothers Defendants' infringement of Plaintiff's copyright.

56.     Upon information and belief, Realand, NBCUniversal, and Syfy materially contributed to and/or substantially participated in Parker Brothers Defendants' infringement of Plaintiff's copyright.

57.     By reason of the foregoing, Realand, NBCUniversal, and Syfy are additionally liable for contributory copyright infringement.

**Lanham Act Violations**

58.     Plaintiff repeats and realleges the forgoing allegations as if fully set forth in this paragraph.

59.     By reason of the foregoing, Defendants falsely designated and passed off the Parker Brothers Defendants as the creator of Plaintiff's Artwork.

60.     Defendants have infringed Plaintiff's trademark and service mark rights by using Plaintiff's mark in connection with the advertising, marketing, and sale of Defendants' goods and services.  Such infringing uses create a substantial risk of consumer confusion in the marketplace with Plaintiff's services.

61.     Further, Defendants' false designation of the Parker Brothers Defendants as the owner of Plaintiff's Artwork in connection with the sale, advertising, and marketing of Defendants' goods and services is likely to cause consumer confusion as to the origin of same.

62. In addition, Defendants' actions in promoting *Dream Machines* in various media outlets without crediting Plaintiff constitutes unfair competition.

63. By reason of the foregoing, Defendants have willfully and intentionally caused damages to Plaintiff by affixing and using in commerce such false descriptions or representations in violation of Plaintiff's rights under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

64. By reason of Defendants' false designation of origin, false description and representation, Plaintiff has suffered and will continue to suffer substantial damage to his business in the form of loss of profits, loss of goodwill, and damage to his reputation, all in amounts which are not yet fully ascertainable.

65. By reason of Defendants' false designation of origin, false description and representation as alleged above, Defendants are liable to Plaintiff for the actual damages suffered by Plaintiff as a result of Defendants' acts and any additional profits earned by Defendants as a result of said acts.

66. Unless restrained and enjoined, Defendants' false designation of origin and false description and representation as alleged above will cause Plaintiff irreparable injury.

## La. Unfair Trade Practices

67. Plaintiff repeats and realleges the forgoing allegations as if fully set forth in this paragraph.

68. Defendants' conduct constitutes unfair competition in violation of Louisiana law, including under the Louisiana Unfair Trade Practices and Consumer Protection Law, La. R.S. 51:1401 et seq.

69. Defendants have engaged in misrepresentation and/or unethical conduct in violation of the Louisiana Unfair Trade Practices and Consumer Protection Law, La. R.S.

51:1401 et seq.

70. Defendants' unfair competition has damaged Plaintiff in a sum not presently known but believed to be significant.

71. Plaintiff is entitled to preliminary and permanent injunctive relief, damages, attorneys' fees and the destruction of Defendants' infringing products, and all video and web sites containing representations of Plaintiff's Artwork.

## Louisiana Civil Code Article 2315 Damages Claim.

72. Plaintiff repeats and realleges the forgoing allegations as if fully set forth in this paragraph.

73. Defendants are liable for damages under Louisiana Civil Code Article 2315 for damages caused by the above-described wrongful acts as set forth in detail above.

## Unjust Enrichment

74. Plaintiff repeats and realleges the forgoing allegations as if fully set forth in this paragraph.

75. Defendants have been unjustly enriched through the complained-of wrongful acts described herein and as set forth in detail above. Defendants are therefore liable for damages for unjust enrichment.

## Jury Demand

76. Plaintiff demands trial by jury of all issues so triable.

**WHEREFORE,** Plaintiff, Preston Asevedo, prays as follows:

1. A judgment against Defendants, and each of their respective affiliates, agents, servants, employees, representatives and all other persons, firms or corporations in active concert

or participation with them, preliminarily and permanently enjoining and restraining them from using, copying or otherwise infringing Plaintiff's Artwork;

2.     Ordering the seizure and destruction of any infringing materials;

3.     Ordering Defendants to pay the compensatory damages sustained by Plaintiff as a result of the unlawful acts alleged herein and that such damages be trebled pursuant to 15 U.S.C. § 1117 because of the willful and unlawful acts alleged herein;

4.     Pay Plaintiff punitive damages as a consequence of the willful and wanton acts alleged herein;

5.     Requiring Defendants to account for any pay to Plaintiff, all gains, profits, and advantages derived from Defendants' wrongful acts, or such alternative measure or measures of damages, including statutory damages, as may be appropriate.

6.     An award of attorneys' fees, interest and costs.

7.     Any other relief to which Plaintiff may be entitled.

Respectfully submitted,

*/s/ Brad E. Harrigan*
**Brad E. Harrigan, La. Bar # 29592**
**Sara C. Eagan, La. Bar #34271**
**LUGENBUHL, WHEATON, PECK,**
**RANKIN & HUBBARD**
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Telephone:   (504) 568-1990
Facsimile:   (504) 310-9195
**Attorneys for Plaintiff, Preston Asevedo**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 20, 2013, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

*/s/ Brad E. Harrigan*
Brad E. Harrigan

16