**MINUTE ENTRY**
**KNOWLES, M.J.**
**JUNE 19, 2013**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**PRESTON ASEVEDO**                                                    **CIVIL ACTION**

**VERSUS**                                                             **NO. 12-2005**

**NBCUNIVERSAL MEDIA, L.L.C., ET AL.**                                 **SECTION "I" (3)**

On this date, the Motion to Quash Rule 30(b)(6) Depositions on Behalf of NBCUniversal Media, L.L.C. and SYFY Media Productions, L.L.C. [Doc. #132] came on for oral hearing before the undersigned.  Present were Brad Harrigan and Simeon Reimonenq on behalf of plaintiff and Lesli Harris and Dalton Courson on behalf of NBCUniversal Media, L.L.C. and SYFY Media Productions, L.L.C. ("the NBC defendants").  For the reasons stated on the record and those outlined below,

**IT IS ORDERED** that the Motion to Quash Rule 30(b)(6) Depositions on Behalf of NBCUniversal Media, L.L.C. and SYFY Media Productions, L.L.C. [Doc. #132] is GRANTED.

I.      **Background**

**The complaint alleges as follows.**  This lawsuit arises out of Asevedo's efforts to protect his copyrighted artwork from the on-going infringements by all defendants. Plaintiff is a

MJSTAR(00:08)

professional artist and illustrator.  In 2005, plaintiff conceived and created a two-dimensional artwork entitled "Comedy Tragedy Skulls" ("the Artwork"), a copy of which is depicted in the complaint.  The Artwork is wholly original and constitutes copyrightable subject matter.  All rights, title and interest in the Artwork are owned by plaintiff.  Plaintiff owns and holds United States Copyright Registration No. VA 1-819-216 for the Artwork issued by the United States Copyright Office.

The NBC defendants produced and distributed a reality television show on the Syfy network called *Dream Machines*.  Asevedo has learned that each of the defendants have prominently and blatantly copied and published plaintiff's Artwork on the *Dream Machines* television show without permission.  The stars of the *Dream Machines* show typically wore t-shirts that depicted plaintiff's Artwork, the infringing work was used on or in connection with the finished vehicles, and a colossal reproduction of plaintiff's Artwork was often shown on the roof of the Parker Brothers Defendants' shop. The infringing use of plaintiff's Artwork on the television show was so pervasive that it was rare for 30 seconds to pass on the 40+ minute show without the infringing work appearing in one form or another.

In addition, the facts available to plaintiff indicate that the NBC defendants have played an active role in the infringements.  They have used plaintiff's Artwork on Syfy's interactive website accessible to Louisiana residents.  Also, the NBC defendants hosted and published full episodes of the *Dream Machines* television show that evidence numerous instances of the infringements at the following website: http://www.syfy.com/videos/Dream%20Machines/. Moreover, NBCUniversal appears to exert creative influence on the *Dream Machines* show: In one episode, the Parker Brothers were commissioned to build a concept vehicle made to look like alien technology for the

red carpet premiere of Universal Pictures' 2012 movie "Battleship." Universal Pictures is a division of NBCUniversal.

Plaintiff thus sued defendants in this Court for copyright infringement, unfair competition, negligence under Louisiana Civil Code article 2315, and unjust enrichment. Some of the defendants moved to dismiss for lack of personal jurisdiction and improper venue. The District Court dismissed without prejudice the motion to dismiss and denied the motion to transfer venue.

**II.     The Parties' Contentions**

The Court does not delve deeply here into the arguments of the parties but reproduces only those arguments needed for the resolution of the motion.

**A.      The NBC Defendants' Motion**

Plaintiff unilaterally noticed the NBC defendants' Rule 30(b)(6) depositions and set them on May 30, 2013 in New Orleans. Citing case law, the NBC defendants first argue that the depositions should be held at corporate headquarters in New York and Los Angeles. They maintain that plaintiff must show exception and peculiar circumstances to justify taking the depositions elsewhere. There are no corporate agents in Louisiana, and the witnesses responsive to the deposition notice are located in New York and California. The NBC defendants ask the Court to quash the depositions on this ground alone.

Considering the 64 areas in the deposition notices, the NBC defendants also contend that plaintiff failed to give them reasonable notice when he propounded the notices in mid-May. They note that they have informed plaintiff on numerous occasions that they are prepared to schedule depositions after the discovery deadline, if necessary.

Citing numerous of the individual deposition topics, they next maintain that many of them

are incurably objectionable.  The NBC defendants contends that all of the topics (Nos. 1-32 in each deposition notice) fail to describe with reasonable particularity the information sought.  They variously contend that the topics are overbroad, vague, irrelevant, unduly burdensome, beyond the scope of the litigation and seek information protected by the attorney-client and/or work-product privileges.

**B.     Plaintiff's Opposition**

Arguing that the NBC defendants repeatedly failed to provide dates for the depositions, plaintiff contends that he had no choice but to unilaterally set them in New Orleans.  Plaintiff maintains that the NBC defendants have not engaged in good-faith discovery but are obstructionists. Plaintiff notes that they have only agreed to produce one representative in New York as to advertising and marketing and one representative in Los Angeles as to the production of *Dream Machines*.  Plaintiff notes that they still maintain all of their objections to the deposition topics apart from these three areas of inquiry.  Because the NBC defendants have been in bad faith, plaintiff asks that the Court order them to produce the representatives in New Orleans.

Citing each of the 32 deposition topics, plaintiff then explains why each one is relevant, why there is no attorney-client privilege, and why the NBC defendants should possess all of the information that he seeks.

**C.     The NBC Defendants' Reply**

The NBC defendants have designated as its Rule 30(b)(6) witnesses (1) Chris Czarkowski and made him available on June 28, 2013 in New York and (2) Janice Ferrell and made her available on June 26, 2013 in Los Angeles.

The NBC defendants note that plaintiff has been forced to admit that he does not own the

4

copyright of the Artwork, and any cause of action relating to the Skulls copyright belongs to the bankruptcy trustee.  The NBC defendants contend that because plaintiff has no standing to pursue such a claim, he is not entitled to discovery on that claim.  The District Court will thus grant their motion to dismiss, and it would be improper to require them to prepare a witness to respond to discovery on such a claim. Even if full dismissal is not obtained, the grant of the motions will narrow the issues for discovery.

With regard to privilege, the NBC defendants contend that they should not have to sit through depositions simply to assert the privilege.

The NBC defendants have stated under oath that they have no knowledge related to Deposition Topic Nos. 1, 3, 4-7, 9, 12-16, 25 and 30-32.  They argue that they should not have to verbalize this lack of knowledge at a deposition.

## III.    Law and Analysis

The "'deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business . . . especially when, as in this case, the corporation is the defendant.'" *Reich Album & Plunkett, L.L.C. v. Wheat, Opperman & Meeks, P.C.*, No. 06-10850, 2007 WL 1655677, at *4 (E.D. La. June 4, 2007) (quoting *Salter v. Upjohn*, 593 F.2d 649, 651 (5th Cir. 1979)).

The presumption that a corporation's principal place of business is the default location for its deposition

> is based on the concept that it is the plaintiff who brings the lawsuit and who exercises the first choice as to forum. Courts have determined that this presumption satisfies the Rule 26(c) requirement of good cause. . . . A party may overcome the presumption, however, by showing that peculiar circumstances justify conducting the deposition at a location other than the corporation's principal place of business.

*Tailift USA, Inc. v. Tailift Co.*, No. 03-CV-0196-M, 2004 WL 722244, at *1 (N.D. Tex. Mar. 26,

2004) (citing *Salter*, 593 F.2d at 651); *Resolution Trust Corp. v. Worldwide Ins. Mgmt. Corp.*, 147

F.R.D. 125, 127 (N.D. Tex. 1992), aff'd, 992 F.2d 325 (5th Cir. 1993)); *accord Fuller v. Summit*

*Treestands, L.L.C.*, No. 07-CV-0330A(M), 2008 WL 3049852, at *2 (W.D.N.Y. Aug. 1, 2008).

Some district courts have considered the following factors in deciding whether sufficient

circumstances have been shown to overcome the presumption:

> 1. Counsel for the parties are located in the forum district;
> 2. The deposing party is seeking to depose only one corporate representative;
> 3. The corporation chose a corporate representative that resides outside the location of the principal place of business and the forum district;
> 4. Significant discovery disputes may arise and there is an anticipated necessity of the resolution by the forum court; and
> 5. The claim's nature and the parties' relationship is such that "an appropriate adjustment of the equities favors a deposition site in the forum district."

*Tailift USA, Inc.*, 2004 WL 722244, at *2 (quoting *Resolution Trust Corp.*, 147 F.R.D. at 127).

Neither party addressed any of the five factors, but the Court's review of them reveals that

the depositions should take place in New York and Los Angeles.  While counsel for the parties are

located in the forum district, as noted below, "the convenience of counsel is less compelling than

any hardship to the witness."  *Morin*, 229 F.R.D. at 363 (quotations omitted) (citing *Devlin v.*

*Transp. Comm'ns Int'l Union*, No. 95-CV-0742, 2000 WL 28173, at *3-4 (S.D.N.Y. Jan. 13, 2000)).

And while the NBC defendants propose two corporate representatives in two locations and chose

these representatives, they had no choice but to do so.  Neither NBC defendant has an agent in this

district, and both are located at their principal places of business.  Significant discovery disputes will

may arise given the numerous discovery disputes that have already arisen and that this Court has

resolved.  But that is nothing that a telephone call to the Court can not fix, although counsel are

urged to cooperate and to keep such issues to a minimum.  The Court lastly finds that the nature of

the claims and the parties' relationship do not require an appropriate adjustment of the equities.

Plaintiff has failed to carry his burden to show exceptional or peculiar circumstances that would negate the presumption, which aligns with the NBC defendants' preference and the convenience of the witnesses, that the depositions should take place in New York and Los Angeles. *Fuller*, 2008 WL 3049852, at *2; *Morin v. Nationwide Fed. Credit Union*, 229 F.R.D. 362, 363 (D.Conn. 2005); *Tailift USA, Inc.*, 2004 WL 722244, at *2 (citing *Salter*, 593 F.2d at 652). Having chosen the forum, "it is the plaintiff who is generally required to bear any reasonable burdens of inconvenience that the action represents. Moreover, the convenience of counsel is less compelling than any hardship to the witnesses." *Morin*, 229 F.R.D. at 363 (quotations omitted) (citing *Devlin*, 2000 WL 28173, at *3-4); *Fed. Deposit Ins. Co. v. La Antillana, S.A.*, No. 88-CV2670, 1990 WL 155727, at * 1 (S.D.N.Y. Oct. 5, 1990)); *accord Fuller*, 2008 WL 3049852, at *2; *Tailift USA, Inc.*, 2004 WL 722244, at *2. The Court quashes the depositions on this ground alone.

In light of the depositions scheduled on June 26 and 28, 2013 – which will go forward as scheduled, either in person or by video conference – plaintiff shall re-propound the deposition notices **no later than Monday, June 24, 2013**. In addition, plaintiff shall comply with the following guidelines when drafting the deposition notices:

1.   Plaintiff shall place a temporal limitation in each deposition topic relevant to the time periods in dispute in this lawsuit.

2.   Topic Nos. 23 is stricken as not reasonably calculated to lead to the discovery of admissible evidence.

3.   Topic Nos. 17-21, 26 and 27 are likewise stricken. *In re Indep. Serv. Org. Antitrust Litig.*, 168 F.R.D. 651, 654 (D. Kan. 1996) ("Even under the present-day liberal

discovery rules, Xerox is not required to have counsel "marshal all of its factual proof" and prepare a witness to be able to testify on a given defense or counterclaim.").

4. All deposition topics must seek information related directly to the Artwork, and not simply the *Dream Machines* show. Specifically, any deposition topic that seeks information on revenues derived by the NBC defendants must be limited to revenues derived from the NBC defendants' alleged infringement of the Artwork.

5. Topic No. 25 – which seeks information of all insurance policies issued to the NBC defendants and in effect between 2010 and 2013 – must be re-phrased. An insurance policy that covers anything unrelated to *Dream Machines* or the Artwork is not reasonably calculated to lead to the discovery of admissible evidence.

As a final caveat, the Court reminds plaintiff of his duty under the federal rules and the case law to describe with "reasonable particularity" the information that he seeks. Should the corporate representatives of the NBC defendants possess no knowledge as to a particular deposition topic – and no corporate representative would have such knowledge – the Court reminds the NBC defendants that "I don't know" is an acceptable response to a question at a deposition, should circumstances so warrant. In addition, should the NBC defendants seek to assert the attorney-client and/or work-product privileges at the depositions, they may of course do so. Fed. R. Civ. P. 30(c)(2). That is not an issue that the Court can resolve at this time; the Court can in no way divine the particular questions that plaintiff may ask at the depositions.

**DANIEL E. KNOWLES, III**

8

**UNITED STATES MAGISTRATE JUDGE**